## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SABRE INTERNATIONAL SECURITY**<br><br>  Street 14, House 41<br>  Al Harthiyah, Baghdad, Iraq<br><br>                                    **Plaintiff,**<br><br>  vs.<br><br>**TORRES ADVANCED ENTERPRISE SOLUTIONS, LLC**<br><br>  2755 Hartland Road Suite 300<br>  Falls Church, VA 22043;<br><br>**JERRY TORRES**<br>In His Individual Capacity,<br><br>  3822 Papaya Street<br>  St. James City, Florida, 33956<br><br>**SCOTT TORRES**<br>In His Individual Capacity,<br><br>  842 Woodland Avenue<br>  Minneapolis, Kansas 67467-1726<br><br>**REBEKAH DYER,**<br>In Her Individual Capacity,<br><br>  4337 Runabout Lane, Unit 177<br>  Fairfax, Virginia 22030-7944; and<br><br>**KATHY JONES,**<br>In Her Individual Capacity,<br><br>  18923 Check Mate Lane<br>  Bluemont, Virginia 20135-1855<br><br>                                   **Defendants.** | **Civil Action No. 11-806-GK** |

### SPECIALLY APPEARING DEFENDANT JERRY TORRES'S REPLY TO PLAINTIFF'S OPPOSITION TO SPECIALLY APPEARING DEFENDANT JERRY TORRES'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Sabre International Security ("Sabre") makes no allegation in its Amended Complaint that Mr. Torres is subject to general jurisdiction under D.C. Code § 13-422 and does not rebut Mr. Torres' December 2, 2013 Declaration ("2013 Decl.") that states unequivocally that Mr. Torres is not domiciled in the District of Columbia ("District").

Sabre has raised no factual basis to contest Mr. Torres' December 2, 2013 Declaration which establishes that Mr. Torres lacks sufficient personal contacts with the District to support specific jurisdiction under the D.C. long-arm statute.  D.C. Code § 13-423.  Further, Sabre fails to appreciate the scope of the D.C. long-arm statute, which limits the scope of "relevant contacts" to those contacts that *give rise* to Sabre's claims against Mr. Torres in its Amended Complaint. *Id.* at § 13-423(b).  A proper reading of the statute makes clear that Mr. Torres' alleged "other personal business contacts with other entities and persons in the District of Columbia," Mr. Torres' relationship with Jeff Ifrah, and Mr. Torres' retention of District-based attorneys in *other, unrelated* cases – none of which Sabre makes any attempt to tie to its claims against Mr. Torres in its Amended Complaint – are completely irrelevant here.  Sabre's Opposition (Opp.) at 20-21; *FC Inv. Grp. LC v. IFX Mkts., Ltd.*, 479 F. Supp. 2d 30, 39 (D.D.C. 2007), *aff'd*, 529 F.3d 1087 (D.C. Cir. 2008) ("plaintiff's jurisdictional allegations must arise from the same conduct of which it complains").  Mr. Torres does not live in the District, he does not work in the District, and he has not personally transacted any business or committed any acts in the District that would *give rise to the allegations* in Sabre's Amended Complaint.  2013 Decl. at ¶¶ 1-6.  For these reasons, the Court should grant Mr. Torres' motion to dismiss and deny Sabre's unsupported request for jurisdictional discovery.

Sabre now resorts to arguing that Mr. Torres is within this Court's jurisdiction by virtue of Torres Advanced Enterprise Solutions, LLC's ("TAES") alleged "connections" to the District of Columbia, which Sabre claims are the following:  (1) TAES and Sabre signed a Teaming Agreement – which Mr. Torres neither signed nor was a party to – that included a forum selection clause; (2) TAES allegedly maintained an office in the District where seven employees worked prior to December 2009; and (3) TAES retained a District-based attorney.  Sabre argues that TAES' alleged "connections" should be imputed to Mr. Torres for purposes of establishing personal jurisdiction because Mr. Torres is "more than an employee."

The only "connection" which subjects TAES to the jurisdiction of this Court is the Teaming Agreement's forum selection clause.  The other two alleged "connections" are irrelevant to this Court's jurisdictional analysis because (1) Sabre does not even allege that its claims against Mr. Torres arise from those connections as required by the D.C. long-arm statute, D.C. Code § 13-423(b); (2) TAES' employees' work on a federal contract at a federal agency's office is exempt from this jurisdictional analysis under the government contact exemption;[1] and (3) TAES' retention of a District-based attorney is not a sufficient contact to establish personal jurisdiction.  *See Morgan v. Richmond School of Health and Tech., Inc.*, 857 F. Supp. 2d 104, 108 (D.D.C. 2012) ("The traditional government contacts principle denies personal jurisdiction over non-residents whose only contact with this jurisdiction involves uniquely governmental activities.") (internal quotations omitted); *Staton v. Looney*, 704 F.Supp. 303 (D.D.C. 1989) (refusing to establish personal jurisdiction where defendant retained a District-based attorney).

Sabre has failed to cite a single relevant case supporting Sabre's proposition that a contractual party-specific forum selection clause entered into by a corporation can be the basis

---

[1] As explained below in Section II, TAES has never maintained an office in the District.

3

for asserting personal jurisdiction over a non-signatory, individual defendant who is not a party to that contract.  Moreover, Sabre has failed to address relevant case law holding that forum selection clauses are exclusive to actions between the parties to the clause.  *See, e.g.*, *Shaheen v. Smith*, No. 12-1168, 2013 WL 5995619 * 3 (D.D.C. Nov. 13, 2013) (holding that a forum selection clause is exclusive to actions between the parties to the clause); *Naegele v. Albers*, 355 F. Supp. 2d 129 (D.D.C. 2005) (holding a forum selection clause in unenforceable against a third party).

Sabre's emphasis on Mr. Torres' role as "more than an employee" does not support personal jurisdiction here, where neither TAES nor Mr. Torres have *any* relevant contacts with the District.  Courts have only applied the "more than an employee" exception to individual defendants where the corporation has sufficient *contacts* (including business activity and tortious conduct and injury) within the District which satisfy general or specific jurisdiction, and also satisfy Due Process.  No court has applied the "more than an employee" exception to an individual defendant based *solely* on a forum selection clause.  Moreover, imputing a forum selection clause to Mr. Torres – who did not sign the Teaming Agreement – as the sole basis for personal jurisdiction, when neither Mr. Torres nor TAES have any contacts within this forum, would violate Due Process.[2]

**I.     The Facts Do Not Support the Exercise of Either General or Specific Jurisdiction over Mr. Torres.**

    A.     <u>General Jurisdiction</u>

---

[2] As explained below in Section III, Sabre's claim that "Mr. Torres admitted that he had 'read it, looked at and was advised on' the [Teaming Agreement] and did not deny that this had occurred prior to TAES signing it," blatantly mischaracterizes Mr. Torres' deposition testimony.  Opp. at 6.

D.C. Code § 13-422 states that "[a] District of Columbia court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief."  The Court may not exercise personal jurisdiction over Mr. Torres based on D.C. Code § 13-422.  First, Mr. Torres' December 2, 2013 Declaration makes clear that Mr. Torres is not domiciled in the District of Columbia.  2013 Decl. ¶¶ 2-3.  Sabre does not attempt to rebut this fact.  Second, there is no dispute that TAES is a Virginia entity.  FAC ¶ 2.  Finally, TAES has never maintained its principal place of business in the District of Columbia.  January 6, 2014 Declaration of Jerry Torres ("2014 Decl.") ¶ 2.  Neither has Mr. Torres.  2013 Decl. ¶¶ 4-5.

B.      Specific Jurisdiction

Sabre's allegation that Mr. Torres' December 2, 2013 Declaration is "vague and incomplete" is based on Sabre's complete misunderstanding regarding the scope of relevant contacts under the D.C. long-arm statute.  Opp. at 3.  The D.C. long arm statute clearly states that "[w]hen jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him." D.C. Code § 14-423(b).  In other words, Sabre's claims against Mr. Torres in its Amended Complaint must arise from Mr. Torres' personal contacts within the District.  *See, e.g.*, *Shaheen*, 2013 WL 5995619 at *5.

Sabre's assertions that Mr. Torres has  "other personal business contacts with other entities and persons in the District of Columbia," retained Jeff Ifrah, and retained other District-based attorneys in *other, unrelated* cases – none of which Sabre makes any attempt to tie to its claims against Mr. Torres – are completely irrelevant here.  Sabre's Opposition (Opp.) at 20-21; *FC Inv. Grp. LC*, 479 F. Supp. 2d at 39 ("plaintiff's jurisdictional allegations must arise from the same conduct of which it complains").  Mr. Torres has not personally transacted any business or

committed any acts in the District that would *give rise to the allegations* in Sabre's Amended Complaint.  2013 Decl. at ¶¶ 1-6.

Sabre has failed to meet its burden under the D.C. long-arm statute and is now grasping at straws seeking unsupported jurisdictional discovery regarding irrelevant contacts.  Sabre cites *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1351-52 (D.C. Cir. 2000) for the proposition that this Court can grant jurisdictional discovery.  Sabre fails to mention, however, that in *GTE New Media* the court held that jurisdictional discovery is justified *only* "if a party **demonstrates** that it can supplement its jurisdictional allegations through discovery." *Id.* at 1351 (emphasis added).  Here, Sabre has not demonstrated in any way that it can supplement its jurisdictional allegations through discovery; all Sabre has demonstrated is that it has failed understand the clear language of the D.C. long-arm statute.

## II.  The Only Basis Supporting Personal Jurisdiction over TAES is the Forum Selection Clause in the Teaming Agreement

Sabre argues that TAES is subject to the jurisdiction of this Court for three reasons:  (1) the Teaming Agreement's jurisdiction and venue selection clause; (2) "during the period ending December 31, 2009 … twenty percent (7 of 35) of TAES' United States-based employees worked at a TAES office located in the District of Columbia;" and (3) TAES retained a DC-based attorney, Jeff Ifrah, to provide representation in connection with the TWISS II program.  Opp. at 7.  The only viable basis supporting personal jurisdiction over TAES is the Teaming Agreement's forum selection clause.  TAES has not raised an objection to the Court's exercise of jurisdiction over it based on that clause.  That clause does not, however, submit Mr. Torres personally to the jurisdiction of the Court.

"The D.C. long-arm statute only reaches a cause of action that arises from the defendant's jurisdictional ties to the District."  *Shaheen*, 2013 WL 5995619 at *5; D.C. Code § 13-423(b).

Sabre has never alleged that its claims arise from TAES' employees' work in the District or TAES' retainer of Jeff Ifrah. For this reason alone, neither of these alleged connections support personal jurisdiction over TAES. *FC Inv. Grp. LC*, 479 F. Supp. 2d at 39 ("plaintiff's jurisdictional allegations must arise from the same conduct of which it complains").

Sabre's second basis for jurisdiction over TAES-- that twenty percent (7 of 35) of TAES' United States-based employees worked at a TAES office located in the District of Columbia during the period ending December 31, 2009 is -- inaccurate and irrelevant. TAES has never maintained an office in the District of Columbia. 2014 Decl. at ¶ 2. Sabre's Exhibit 5 simply identifies seven individuals – either consultants or TAES employees – who were working at the United States Department of Agriculture (USDA) South Building in Washington, DC in connection with TAES' contract with the Farm Services Agency (FSA). *Id*. The FSA contract (No. AG-3151-C-07-0040) required that "[p]erformance will be at the Contractor's site [in Arlington] and at the USDA South Building in Washington, DC." FSA Contract (attached as Exhibit 1) at 18. TAES' proposal stated that "Torres understands that performance on this contract will occur in its Arlington offices, in up to 150 FSA county offices nationwide; FSA Headquarters in Washington, DC and the location where the [contracting officer's technical representative] resides." TAES's FSA Proposal (relevant pages attached as Exhibit 2) at 2.

TAES' FSA contract, and the fact that some of its employees or consultants worked at the USDA office in Washington, DC for a period of time does not make TAES subject to the jurisdiction of the Court. Even assuming *arguendo* that Sabre's claims and TAES' FSA contract were somehow related pursuant to D.C. Code § 13-423(b), TAES' contact with USDA fits squarely within the government contacts exception and thus is legally insufficient to establish personal jurisdiction in this case. *Morgan*, 857 F. Supp. 2d at 108 ("The traditional government

contacts principle denies personal jurisdiction over non-residents whose only contact with this jurisdiction involves uniquely governmental activities.") (internal quotations omitted); *see also Ralls Corp. v. Terna Energy USA Holding Corp.*, 920 F. Supp. 2d 27 (D.D.C. 2013) (granting defendant's motion to dismiss where defendant's only contact with the District was its contact with a federal instrumentality); *Env't Research Int'l, Inc. v. Lockwood Greene Eng'r, Inc.*, 355 A.2d 808, 813 (D.C. 1976) (en banc) ("[E]ntry into the District of Columbia by nonresidents for the purpose of contacting federal governmental agencies is not a basis for the assertion of in personam jurisdiction.").

Sabre's third basis for jurisdiction over TAES – the fact that TAES retained a District-based attorney, Jeff Ifrah – does not constitute "doing business" in the District and thus is legally insufficient to establish jurisdiction over TAES.  *Staton*, 704 F.Supp. 303 (D.D.C. 1989).  In *Staton*, the plaintiff argued that there was personal jurisdiction over a nonresident defendant because the defendant retained local counsel for the purpose of defending the case.  *Id.* at 304.  The court held that the retainer of local counsel to defend a case did not entitle the court to exercise personal jurisdiction over the plaintiff.  *Id.*

### III. The Forum Selection Clause within TAES' and Sabre's Teaming Agreement Is Not a Basis for Conferring Jurisdiction over Mr. Torres

There is no precedent for binding a non-signatory and non-party to a forum selection clause for the purposes of establishing personal jurisdiction.  Moreover, courts within this jurisdiction have refused to enforce forum selection clauses against third-parties.  *Shaheen*, 2013 WL 5995619 at *3; *Naegele*, 355 F. Supp. 2d at 139.  Sabre cites three cases outside this jurisdiction for the proposition that forum selection clauses can bind non-signatories, but each one is distinguishable.  Opp. at 20.

In *Hadley v. Shaffer*, 2003 WL 21960406 (D. Del. 2003), the court held that there was personal jurisdiction over the Chairman of the Board because (1) he was a third-party beneficiary (shareholder) of the merger agreement; (2) the merger agreement required his signature to be final; (3) he was actively involved in the negotiations that led to the Merger Agreement; (4) he successfully argued that the forum selection clause required dismissal of a previous case; and (5) he sued as a third-party beneficiary to seek compensation for breaches of the merger agreement. Here, Mr. Torres did not sign, is not a third-party beneficiary of, was not actively involved in negotiating, and does not recall reviewing, the Teaming Agreement prior to its execution. 2014 Decl. ¶¶ 3-4. Mr. Torres has never claimed that the Teaming Agreement applies to him in his personal capacity.

*Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509 (9th Cir. 1988) involved claims arising from the termination of a North American distributor of Gucci accessories. The distribution agreement between the North American distributor and a Gucci Italian affiliate (Gucci Parfums) included a forum selection clause requiring litigation "regarding interpretation or fulfillment" of the contract to be conducted in Italy. The plaintiff argued that the forum selection clause should not apply to its tort claims. *Manetti-Farrow,* a forum *non coveniens* case, simply had nothing to do with jurisdiction over an out of state defendant; instead, the court was faced with the issue of whether the plaintiff, who signed an agreement containing a forum selection clause, was bound by the clause for all of its claims.

In *Nanopierce Techs., Inc. v. Southrise Capital Mgmt. LLC*, 2003 WL 22882137 at *5 (S.D.N.Y. Dec. 4, 2003), a securities case based on misrepresentations made by a publicly-traded corporation, the non-party who was bound by the forum selection clause was the corporation's chief financial officer, who as a signatory of the corporation's registration statement had a duty

to comply with federal securities laws.  Given these prescribed duties, her conduct was deemed "closely related" to the stock purchase at issue in the lawsuit.  No case within this district has applied this "closely related" test to confer personal jurisdiction over a non-party, non-signatory to a forum selection clause.

Moreover, Sabre mischaracterizes Mr. Torres' deposition testimony regarding the Teaming Agreement.  In its Opposition, Sabre claims that "Mr. Torres admitted that he had 'read it, looked at and was advised on' the [Teaming Agreement] and did not deny that this had occurred prior to TAES signing it." Opp. at 6.  The deposition testimony that Sabre cites, however, states the following:

> "Q: Do you know whether you reviewed [the Teaming Agreement] before it was signed?
>
> …
>
> A: You have asked that question about three times now.  I have said I probably have seen this document.  I *do not know* the extent to which I have read it, looked at it, been advised on."

Jerry Torres Deposition Transcript 94:16-95:2 (relevant excerpts attached as Exhibit 3).  Other parts of Mr. Torres' deposition make clear that Mr. Torres is unsure whether he has ever read the Teaming Agreement.  Ex. 3 at 89:8-21 ("I'm not sure that I have read [the Teaming Agreement]….  Again, I am not sure that I have read the teaming agreement, parts of it or all of it…."); *see also* 2014 Decl. ¶ 4.

## IV.  The "More Than An Employee" Exception Does Not Apply

There is a limited exception to the general rule that courts cannot exert jurisdiction over individual corporate officers merely because the court has jurisdiction over the corporation - called the "more than an employee" exception.  That exception does not apply here.  Sabre has cited no case, and we can find none, where a court within this jurisdiction has applied the "more

than an employee" exception to a non-signatory individual defendant based on a forum selection clause.  Courts have applied this "more than an employee" exception in very limited cases where the corporation has sufficient contacts with the District to support general or specific jurisdiction.  Here, neither TAES nor Mr. Torres has any relevant contacts within the District.  All of the cases cited by Sabre in its Opposition are distinguishable on this point.  *See, e.g.*, *Covington & Burling v. Int'l Mktg. & Research, Inc.*, 2003 WL 21384825 (D.C. Super. Ct. 2003) (defendant corporation caused tortious injury in the District by sending 1,634 faxes to a District law firm and regularly conducted business in the District); *Nat'l Cmty Reinvestment Coal. v. NovaStar Fin., Inc.*, 631 F. Supp. 2d 1, 3-4 (D.D.C. 2009) (President/Chief Operating Officer/co-founder of a mortgage company personally developed and implemented the discriminatory lending policies which caused injury to District residents); *Azamar v. Stern*, 662 F. Supp. 2d 166 (D.D.C. 2009) (corporate defendant had continuous and systematic business activity sufficient for general jurisdiction and president/principal owner personally determined plaintiffs' rate and method of payment which was the crux of plaintiffs' claims).

While Mr. Torres does not dispute that he is a senior executive at TAES, this status alone does not confer personal jurisdiction over him.  *NovaStar*, 631 F. Supp. 2d at 13 ("It is clear from these decisions that an individual's role as a corporate officer, without more, is not a sufficient basis for exercising personal jurisdiction over the officer in his individual capacity.").  For example, in *Richards v. Duke University*, the plaintiff claimed that Microsoft Corporation joined a conspiracy to conduct surveillance of the plaintiff because Mr. William Gates (CEO/President of Microsoft) was physically attracted to plaintiff and was planning to leave his wife.  480 F. Supp. 2d at 229 (D.D.C. 2007).  This Court refused to find that it had personal jurisdiction over Mr. Gates because he did not have sufficient minimum contacts within the District in his

personal capacity.  *Id.* at 230; *see also D'Onofrio v. SFX Sports Group*, 534 F. Supp. 2d 86, 92-93 (D.D.C. 2008) (refusing to find personal jurisdiction over the Chief Financial Officer and Head of Human Resources under the "more than an employee" exception).  This Court has been willing to find that it had personal jurisdiction over corporate executives under the "more than an employee" exception *only* where the corporation has sufficient contacts within the District to satisfy general or specific jurisdiction – which is not the case here.

## V. Application of the "More Than An Employee" Exception Violates Due Process

"Under the Due Process Clause of the Fifth Amendment, this court can exercise jurisdiction over [the corporate defendant] if he has purposefully established minimum contacts with the District of Columbia such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  *NovaStar*, 631 F. Supp. 2d at 5 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945).  Even though neither Mr. Torres nor TAES has any relevant contacts within the District, Sabre is essentially asking this Court to find that Mr. Torres consented to its jurisdiction because (1) he is "more than an employee," and (2) TAES consented to this Court's jurisdiction.  Under the "more than an employee" exception, Due Process is satisfied precisely either due to the corporate *contacts* or the individual's *contacts* within the forum, none of which exist here.  Without those contacts, the exception does not apply.  For example, in *NovaStar* this Court held that "because [it] has already held that the due process clause has been satisfied through [defendant corporation's] transactions with District residents, subsection of (a)(1) of the long arm statute is satisfied as well."  *Id.* at 6; *see also Azamar*, 662 F. Supp. 2d at 174 ("Such regular business activity in the District of Columbia is sufficient to establish general jurisdiction over defendant Stern in accord with the 'minimum contacts' requirement of the Due Process Clause.").  Here, where neither Mr. Torres nor TAES have any relevant contacts within the District, and where Mr. Torres did not sign the Teaming Agreement,

there is simply no basis upon which Mr. Torres should "reasonably anticipate being haled into court [here]." *World-Wide Volkswagen Corp. v. Woodsen*, 444 U.S. 286, 297 (1980).

## VI.    Conclusion

The only basis for personal jurisdiction over TAES is the forum selection clause in the Teaming Agreement.  Sabre has cited no case, and we can find none, where a court has extended personal jurisdiction to a corporate executive under this "more than an employee" exception where the plaintiff failed to establish a *single relevant contact* of either the corporation or the executive within the District and the executive has transacted no business in the District in his/her corporate capacity.

Here, the only question is whether this Court can properly impute the forum selection clause in TAES' and Sabre's Teaming Agreement to Mr. Torres – a non-signatory and non-party with no contacts in the District – as the sole basis for conferring personal jurisdiction.  Sabre has failed to cite a single case within this jurisdiction supporting this proposition and cannot distinguish contrary case law.  For the foregoing reasons, Mr. Torres respectfully submits that this Court lacks personal jurisdiction over him in his personal capacity, and therefore Sabre's claims against Mr. Torres should be dismissed.

January 9, 2014                                                  Respectfully submitted,

*/s/ Richard J. Conway*
Richard J. Conway, Esquire
DC Bar No. 164541
DICKSTEIN SHAPIRO LLP
1825 Eye Street NW
Washington, D.C.  20006
Telephone: (202) 420-2200
Facsimile: (202) 420-2201
conwayr@dicksteinshapiro.com
*Counsel for Specially Appearing Defendant Jerry Torres*

**CERTIFICATION OF SERVICE**

I hereby certify that on the 9th day of January, 2014, I electronically filed the foregoingwith the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

>Michael Allan Gordon, Esq.
>MICHAEL A. GORDON, PLLC
>1629 K Street, N.W., Suite 300
>Washington, D.C. 20006
>(202) 508-1464 Telephone
>(202) 349-1701 Facsimile
>Mgordon202@aol.com
>*Counsel for Plaintiff*
>
>Tennant David Magee, Esq.
>MAGGS & MCDERMOTT, LLC
>800 Old Bridge Road
>Brielle, N.J. 08730
>(732) 223-9870 Telephone
>(732) 223-7367 Facsimile
>tdmagee@yahoo.com
>*Counsel for Plaintiff*
>
>Timothy B. Mills, Esq.
>MAGGS & MCDERMOTT, LLC
>910 17th Street, N.W., Suite 800
>Washington, D.C. 20006
>(202) 457-8090 Telephone
>(202) 478-5081 Facsimile
>timothybmills@aol.com
>*Counsel for Plaintiff*

>>*/s/ Richard J. Conway*
>>Richard J. Conway, Esquire
>>DC Bar No. 164541
>>DICKSTEIN SHAPIRO LLP
>>1825 Eye Street NW
>>Washington, D.C.  20006
>>Telephone: (202) 420-2200
>>Facsimile: (202) 420-2201
>>conwayr@dicksteinshapiro.com
>>*Counsel for Specially Appearing Defendant Jerry Torres*