UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

SABRE INTERNATIONAL SECURITY,  :
                                 :

      Plaintiff,            :

                                 :

     v.                    :     Civil Action No. 11-806 (GK)

                                 :

TORRES ADVANCED ENTERPRISE  :
SOLUTIONS, LLC, et al.,     :

                                 :

      Defendants.         :

                                 :

---

## MEMORANDUM ORDER

Individual Defendants Jerry Torres, Scott Torres, Rebekah Dyer, and Kathryn Jones (collectively, the "Individual Defendants"), have filed two Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure [Dkt. Nos. 363 & 366]. On July 17, 2015, Sabre filed a single omnibus Opposition [Dkt. No. 368], and on July 28, 2014, the Individual Defendants filed their Replies [Dkt. Nos. 369 & 370].[1]

The Motions shall be **granted in part** and **denied in part** for the following reasons.

---

[1] Jerry Torres filed a Motion ("Jerry Torres Mot.") [Dkt. No. 363], and Rebekah Dyer, Kathryn Jones, and Scott Torres jointly filed an almost identical Motion ("Jt. Mot.") [Dkt. No. 366]. Because the Motions make exactly the same arguments, often word for word, the Court shall cite only to Jerry Torres' Motion.

1.    The factual and procedural background in this case has been set forth in great detail in the Court's Memorandum Opinions of January 30, 2014 [Dkt. No. 288] and June 16, 2014 [Dkt. No. 359].   See generally Sabre Int'l Sec. v. Torres Advanced Enter. Solutions, LLC, No. 11-806, 2014 WL 341071 (D.D.C. Jan. 30, 2014) ("Sabre III"), appeal dismissed, No. 14-7026, 2014 WL 1378771 (D.C. Cir. Apr. 3, 2014); Sabre Int'l Sec. v. Torres Advanced Enter. Solutions, LLC, No. 11-806, 2014 WL 3859164 (D.D.C. June 16, 2014) ("Sabre IV").   Familiarity with these prior decisions is assumed.

2.    Sabre International Security ("Sabre") is an Iraqi private security company.   Torres Advanced Enterprise Solutions, LLC ("Torres") is an American private security company, of which the Individual Defendants are current and former officers. Between 2007 and 2010, Sabre and Torres partnered as prime contractor and subcontractor to perform security contracts for the United States Government at military installations in Iraq.

3.    On April 29, 2011, Sabre filed this lawsuit against Torres for breach of contract and related torts.   In October 2013, Sabre obtained permission to file, and did file, a First Amended Complaint ("FAC") [Dkt. No. 242].   The FAC included all

of the claims alleged in the original Complaint (Counts 1-14)[2] and seven new claims against Torres and the Individual Defendants for fraud, misappropriation, and conversion of property (Counts 15-21).

4. Torres then filed a Motion Pursuant to Fed. R. Civ. P. 12(b)(6) to Dismiss Counts 15-18 and 20-22 of the FAC [Dkt. No. 253].[3] On January 30, 2014, the Court partially granted that Motion and dismissed all of the FAC's newly asserted Counts other than Count 18, which it concluded adequately stated a claim for conversion of property. See generally Sabre III, 2014 WL 341071, at *3-9 (D.D.C. Jan. 30, 2014).

5. Relying on many of the same arguments underlying Torres' Motion to Dismiss, the Individual Defendants now seek Judgment on the Pleadings as to Counts 15-20 of the FAC.[4]

---

[2] Some of these Counts were dismissed by the Court's Memorandum Opinion of October 27, 2011 [Dkt. No. 39]. See generally Sabre Int'l Sec. v. Torres Advanced Enter. Solutions, Inc., 820 F. Supp. 2d 62 (D.D.C. 2011) ("Sabre I").

[3] Sabre's Motion to Amend its Complaint attached a Proposed FAC that included Counts 15-22 [Dkt. No. 197-1]. When the Court granted that Motion, Sabre withdrew the previously proposed Count 21 and renumbered its counts so that the actual FAC included only Counts 15-21 [Dkt. No. 242]. Torres, however, based its Motion to Dismiss on the 22-Count Proposed FAC, rather than the actual FAC.

[4] Like Torres, the Individual Defendants also appear to have based their Motion on the 22-Count Proposed FAC rather than the actual FAC. As a result, their Motions request judgment on

6.     The standard governing a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) "is essentially the same as the standard for a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)." Longwood Vill. Rest., Ltd. v. Ashcroft, 157 F. Supp. 2d 61, 66-67 (D.D.C. 2001).     To survive the motion, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).     A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

7.     In Count 15, Sabre claims that the Individual Defendants fraudulently concealed their intent not to pay Sabre in accordance with previously agreed-upon pricing schemes.     In Sabre III, the Court concluded that this Count is "entirely intertwined [with], if not wholly duplicative of[,] Sabre's claim that [Torres] breached the Teaming Agreement." Id. at *3. Consequently, the Court held that this claim is barred by District of Columbia case law holding that "even a 'willful,

_____

Counts 15-21 of the Proposed FAC but only Counts 15-20 of the actual FAC.

-4-

wanton or malicious' breach of a contract . . . cannot support a claim of fraud" because "disputes relating to contractual obligations 'should generally be addressed within the principles of law relating to contracts[.]'" Id. at *3 (citing Choharis v. State Farm and Casualty Co., 961 A.2d 1080, 1089 (D.C. 2008)). This holding applies equally to the Individual Defendants.[5] Therefore, the Motions shall therefore be **granted** on Count 15.

8. In Count 16, Sabre asserts a claim for fraud based on representations Torres allegedly made to the Government in October 2010 as to whether Sabre had been paid. In Sabre III, the Court held that Sabre relied only on its own assumptions regarding what Torres could do or say, not on what Torres actually did or said, and therefore, that Count 16 did not state a claim for fraud. Id. at *4-5. This holding applies equally to the Individual Defendants. Therefore, the Motions shall be **granted** on Count 16.

---

[5] Sabre argues, as it did in its Opposition to Torres' Motion, that it has asserted a claim for fraudulent inducement, as to which Choharis does not apply. See Pl.'s Opp'n at 6-19. The Court already rejected this argument in Sabre III, however, and that ruling is "law of the case." See, e.g., Coal. for Common Sense in Gov't Procurement v. United States, 707 F.3d 311, 318 (D.C. Cir. 2013) (explaining that under the law-of-the-case doctrine, "the same issue presented a second time in the same case in the same court should lead to the same result" (citing LaShawn A. v. Barry, 87 F.3d 1389, 1393 (D.C. Cir. 1996)).

9.   In Count 17, Sabre claims that Torres fraudulently misappropriated its Private Security Company ("PSC") license and engaged in unfair competition by bidding on certain contracts without informing Sabre.   In <u>Sabre III</u>, the Court held that this Count failed to state a claim of fraud, misappropriation, or unfair competition, <u>id.</u> at *6, a holding that applies equally to the Individual Defendants.   Therefore, the Motions shall be **granted** on Count 17.

10.   In Count 18, Sabre claims that Torres unlawfully converted its PSC license and certain life support equipment it owned at one of the Team's sites in Iraq.   In <u>Sabre III</u>, the Court held that Sabre failed to state a claim for conversion of the PSC license but did state a claim for conversion of the life support equipment.   <u>Sabre III</u>, 2014 WL 341071, at *7.   The Court's holding as to conversion of the PSC license applies equally to the Individual Defendants, which Sabre does not contest.

As to the conversion of equipment claim, the Individual Defendants argue that they are entitled to judgment on the pleadings because Sabre alleges only that <u>Torres</u> sold the life support equipment and retained the proceeds, not that they did so in their personal capacities.   Jerry Torres Mot. at 21.   The law in the District of Columbia is well-established, however,

that "[c]orporate officers 'are personally liable for torts which they commit, participate in, or inspire, even though the acts are performed in the name of the corporation.'" Lawlor v. Dist. of Columbia, 758 A.2d 964, 974-75 (D.C. 2000) (citing Vuitch v. Furr, 482 A.2d 811, 821 (D.C. 1984)). "In other words, corporate officers . . . cannot avoid personal liability for wrongs committed [by the corporation] . . . with their knowledge and with their consent or approval[.]" Vuitch, 482 A.2d at 821 (internal quotations omitted). Liability must, however, "be premised upon a corporate officer's meaningful participation in the wrongful acts." Lawlor, 758 A.2d at 977.

Sabre has alleged that that "Jerry Torres, Rebekah Dyer and Kathryn Jones . . . willfully and maliciously authorized and implemented the sale of [its] property at JSS Shield [one of the Team's security sites] . . . [while] fully aware that the property and proceeds belonged to Sabre." FAC ¶ 469. The high level positions of these individuals, as well as their alleged close involvement in the events at issue, raise a plausible inference that they "meaningful[ly] participat[ed]" in the sale of Sabre's life support equipment with knowledge that it belonged to Sabre. Lawlor, 758 A.2d at 977. This is sufficient to survive a motion under Rule 12(c) because the precise extent of an officer's "participation in and responsibility for the

alleged [conversion is] a quintessential question of fact that [can]not be answered at the pleading stage." Luna v. A.E. Eng'g Servs., LLC, 938 A.2d 744, 748 (D.C. 2007). Thus, Sabre has adequately alleged that Jerry Torres, Dyer, and Jones are liable in their individual capacities for Torres' conversion of equipment.[6]

Sabre has not, however, alleged any basis to hold Scott Torres liable for conversion of property. Furthermore, in its Opposition brief, it argues only that "the Individual Defendants (other than Scott Torres)" participated in Torres' conversion of property. Pl.'s Opp'n at 21 (emphasis added). Therefore, the conversion claim against Scott Torres shall be dismissed.

For the foregoing reasons, the Motions shall be **denied** insofar as Sabre seeks to hold Jerry Torres, Rebekah Dyer, and Kathryn Jones liable for conversion of equipment and shall otherwise be **granted.**

11. In Count 19, Sabre alleges again that the Individual Defendants are liable for fraud, unauthorized use of its PSC license, and conversion of property. These are precisely the

---

[6] Sabre has also alleged that Jerry Torres, Dyer, and Jones "aided and abetted" Torres' conversion of equipment. Pl.'s Opp'n at 20-22. The Court need not reach the sufficiency of such allegations given its conclusion that Sabre has adequately alleged a claim of direct liability against these Defendants.

same allegations asserted in Counts 15-18 and, therefore, they shall be dismissed as duplicative.

Count 19 also asserts a claim for unjust enrichment. Under District of Columbia law, the elements of a claim for unjust enrichment are: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is unjust." News World Commc'ns, Inc. v. Thompsen, 878 A.2d 1218, 1222 (D.C. 2005).

Sabre claims that the Individual Defendants were unjustly enriched by: (1) their alleged misrepresentations to Sabre regarding payment and prices; (2) Torres' use of Sabre's PSC license; (3) Torres' alleged misrepresentations to the Government regarding payments to Sabre; and (4) Torres' conversion of property. See FAC ¶¶ 467-70. Sabre has not, however, alleged that, as a result of these circumstances, it conferred any benefit on the Individual Defendants directly. Instead, it alleges that it conferred a benefit on Torres, who subsequently paid salaries and bonuses to the Individual Defendants. Not a single factual allegation in the FAC, however, connects the Individual Defendants' salaries and bonuses to Torres' alleged reductions of Sabre's prices, use of its PSC license, sale of its equipment, or misrepresentations to

the Government. Accordingly, even if salaries and bonuses might theoretically constitute a benefit for purposes of an unjust enrichment claim, Sabre has not plausibly alleged that it had any role in conferring these benefits on the Individual Defendants or, relatedly, that the Individual Defendants' retention of such benefits was unjust. Therefore, Sabre has not stated a claim for unjust enrichment against the Individual Defendants and the Motions shall be **granted** on Count 19.

12. Finally, Sabre does not oppose the Individual Defendants' Motions for judgment on Count 20, which is entitled "Lost Sabre Revenues and Delay Damages through Torres' Breaches." Consequently, the Motions shall be granted as unopposed on that Count.[7]

For the reasons set forth above, it is hereby

**ORDERED,** that the Motions for Judgment on the Pleadings are **granted in part** and **denied in part**; and it is further

**ORDERED,** that judgment is granted for Scott Torres on Counts 15-20 of the FAC and he is dismissed from the case in its entirety; and it is further

---

[7] The Individual Defendants also seek judgment in their favor as to Count 20 of the Proposed FAC (entitled "Misappropriation of Sabre's Past Performance"), but that request is moot because Sabre voluntarily withdrew that claim in its actual FAC. <u>See</u> Jerry Torres Mot. at 23.

**ORDERED,** that judgment is granted for Jerry Torres, Rebekah Dyer, and Kathryn Jones on Counts 15-17 and 19-20 of the FAC.

The current status of the claims against the Individual Defendants is as follows:

- Count 15: Motions for Judgment on the Pleadings granted and claim dismissed in its entirety.

- Count 16: Motions for Judgment on the Pleadings granted and claim dismissed in its entirety

- Count 17: Motions for Judgment on the Pleadings granted and claim dismissed in its entirety

- **Count 18:** As to Defendant Scott Torres, Motion for Judgment on the Pleadings granted and claim dismissed in its entirety; **as to Jerry Torres, Rebekah Dyer, and Kathryn Jones, Motions for Judgment on the Pleadings denied as to conversion of equipment;** Motions granted as to all other theories.

- Count 19: Motions for Judgment on the Pleadings granted and claim dismissed in its entirety

- Count 20: Motions for Judgment on the Pleadings granted and claim dismissed in its entirety

- Count 21: Claim dismissed by Court Order dated January 30, 2014 [Dkt. No. 287][8]

---

[8] The Individual Defendants have not sought Judgment on the Pleadings as to this Count (Count 22 in the Proposed FAC), which asserts a claim against Torres, Jerry Torres, and Rebekah Dyer for alleged fraud arising out of events in this litigation. However, it should be noted that the Court previously granted Torres' Motion to Dismiss this claim on three bases: (1) Sabre has not alleged any detrimental reliance on the alleged fraud; (2) Sabre has not cited any authority holding that bad faith conduct in litigation gives rise to an independent cause of action and the weight of binding authority is contrary; and (3) Sabre has alternative remedies under Rule 37 of the Federal

Therefore, as of August 21, 2014, Count 18 is awaiting trial against Jerry Torres, Rebekah Dyer and Kathryn Jones.

August 21, 2014

Gladys Kessler
Gladys Kessler
United States District Judge

Copies to: attorneys on record via ECF

---

Rules of Civil Procedure. See Sabre III, 2014 WL 341071, at *8-9 (citing Russell v. Principi, 257 F.3d 815, 821 (D.C. Cir. 2001) ("Plaintiff's] effort to pursue an independent cause of action for bad faith litigation abuse against [defendant] fails. . . . [T]o date no circuit court has held that a federal cause of action exists"); Interstate Fire & Cas. Co., Inc. v. 1218 Wisconsin, Inc., 136 F.3d 830, 836 (D.C. Cir. 1998) (rejecting tort claim for "fraud on the court" because "[a]lthough the act complained of is styled a 'fraud,' the remedy lies within the court's equitable discretion") (citations omitted)).