**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SABRE INTERNATIONAL SECURITY,           :
                                        :
    Plaintiff & Counter-Defendant,       :
                                        :       Civil Action No.:     11-0806 (RC)
    v.                                   :
                                        :       Re Document Nos.: 517, 522
                                        :
TORRES ADVANCED ENTERPRISE              :
 SOLUTIONS, LLC, *et al.*,               :
                                        :
    Defendants & Counter-Claimants.      :

<u>**MEMORANDUM OPINION**</u>

**GRANTING MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL OF RECORD
WITHOUT SUBSTITUTION; GRANTING PLAINTIFF'S COUNSEL'S
MOTION TO SUBMIT CONFIDENTIAL DECLARATION**

## I. INTRODUCTION

This case was filed by Plaintiff, Sabre International Security ("Sabre"), a private Iraqi

security company, against Defendants, Torres Advanced Enterprise Solutions, LLC—a Virginia

limited liability company—Jerry Torres, and Rebekah Dyer (collectively "Torres").  *See* Compl.,

ECF No. 1.  Timothy B. Mills, of the law firm Maggs & McDermott LLC, and Michael A.

Gordon, of the law firm Michael A. Gordon PLLC, (collectively "Moving Attorneys") represent

Sabre in this case.

Before the Court is Moving Attorneys' motion to withdraw as counsel for Sabre and

Torres's opposition to that motion.  *See* Mot. Withdraw as Pl.'s Counsel Without Substitution

("Mot. Withdraw"), ECF No. 517; Defs.' Opp'n Pl.'s Counsel's Mot. to Withdraw ("Opp'n Mot.

Withdraw"), ECF No. 518.  In support of their motion to withdraw, Moving Attorneys also filed

a motion requesting leave to file the confidential declaration of Timothy B. Mills under seal for

*ex parte*, *in camera* review.  *See* Pl.'s Counsel's Mot. Submit Confidential Decl. for *Ex Parte In*

*Camera* Review ("Mot. Leave File Under Seal"), ECF No. 522.  Moving Attorneys have

attached a redacted version of Mr. Mills's declaration to their reply in support of the motion to

withdraw.  *See* Pl.'s Counsel's Reply Supp. Mot. Withdraw, Ex. 1, ECF No. 521-1.  Although

Sabre has not provided written consent for its attorneys to withdraw, it has not joined in Torres's

opposition or otherwise objected to the motion to withdraw.  For the reasons set forth below, the

Court will grant Moving Attorneys' motion for leave to file the declaration of Mr. Mills under

seal for *in camera* review and grant their motion to withdraw without substitution.

## II.  LEGAL STANDARD

"As a fundamental premise, counsel is under an obligation to see the work through to

completion when he agrees to undertake the representation of his client." *Laster v. District of

Columbia*, 460 F. Supp. 2d 111, 113 (D.D.C. 2006) (citing *Streetman v. Lynaugh*, 674 F. Supp.

229, 234 (E.D. Tex. 1987); *see also Byrd v. District of Columbia*, 271 F. Supp. 2d 174, 176

(D.D.C. 2003).  The withdrawal of an attorney from a civil action in the United States District

Court for the District of Columbia is governed by Local Civil Rule 83.6.  When, as here,

attorneys wish to withdraw from representing a party but the client has not consented and has no

other attorney representing him in the matter, a formal motion must be filed and granted by the

court.  *See Banneker Venters, LLC v. Graham*, No. 13-391, 2016 WL 1304834, at *2 (D.D.C.

Mar. 31, 2016).  The Local Rule states that,

> if a party's written consent is not obtained, or if the party is not represented by
> another attorney, an attorney may withdraw an appearance for a party only by
> order of the Court upon motion by the attorney served upon all parties to the case.
> Unless the party is represented by another attorney or the motion is made in open
> court in the party's presence, a motion to withdraw an appearance shall be
> accompanied by a certificate of service listing the party's last known address and
> stating that the attorney has served upon the party a copy of the motion and a
> notice advising the party to obtain other counsel, or, if the party intends to

conduct the case *pro se* or to object to the withdrawal, to so notify the Clerk in writing within seven days of service of the motion.

LCvR 83.6(c).

"The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the district court." *Laster*, 460 F. Supp. 2d at 113 (citing *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999)). "The Court may deny an attorney's motion for leave to withdraw if the withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interests of justice." LCvR 83.6(d). A court may also consider factors such as the length of time the case has been pending, the time it would take for the party to find and secure new counsel, and the degree of financial burden counsel would undergo if he continued to represent the party in the case. *See Barton v. District of Columbia*, 209 F.R.D. 274, 277–78 (D.D.C. 2002); *Byrd*, 271 F. Supp. 2d at 176.

Documents supporting motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney–client relationship between a party and its counsel. *See Team Obsolete Ltd. v. AHRMA Ltd.*, 464 F. Supp. 2d 164, 165–66 (E.D.N.Y. 2006) (concluding after a review of relevant case law that "this method is viewed favorably by the courts"); *Weinberger v. Provident Life & Cas. Ins. Co.*, No. 97-9262, 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998) ("[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw.").

## III.  ANALYSIS

Moving Attorneys argue that their withdrawal as counsel for Sabre will not unduly delay trial or unfairly prejudice any party, because there is minimal non-stayed pre-trial activity, no

trial date has been set, and the requested 45-day continuance of any pending proceedings will ensure Sabre has ample time to retain successor counsel.  *See* Mot. Withdraw at 5–6.  Moving Attorneys also claim there have been both a breakdown in communications and that Moving Attorneys have irreconcilable differences with Sabre, which would place a financial burden on them should they continue the representation.  *Id.* at 6.  Moving Attorneys assert they have fulfilled their ethical obligations to this Court and to their client, and that withdrawal can be accomplished without material adverse effect on Sabre's interests.  *Id.* at 6–7.

Torres contends that the reasons proffered in Moving Attorneys' motion—particularly, the breakdown of communication and irreconcilable differences—are vague and insufficient to support allowing Moving Attorneys to withdraw after five years of litigation.  *See* Opp'n Mot. Withdraw at 3.  Torres claims that even if withdrawal was justified, the Court should refuse to permit withdrawal without substitution or refuse to grant a continuance of the proceedings.  *Id.* at 2.  Torres argues that withdrawal, combined with the requested 45-day continuance and any additional time required for the new counsel to get up to speed, would unduly delay the case at a critical juncture.  *Id.* at 5–7.  Torres also notes that, as a corporation, Sabre cannot represent itself *pro se*.  *Id.* at 10–11.  Thus, Torres asserts that, if Sabre's counsel is permitted to withdraw, the case should be dismissed and a default judgment should be entered on Torres's counterclaims. *Id.* at 11.  Finally, Torres argues that Moving Attorneys' motion should only be granted on the condition that the attorneys post a bond or make a payment to the Court's registry "to cover any finding of liability against them."  *Id.* at 12.

As an initial matter, the Court will grant Moving Attorneys' motion to submit the declaration of Mr. Mills under seal for *in camera* review.  In the context of determining the merits of a privilege claim, the Supreme Court "has approved the practice of requiring parties

who seek to avoid disclosure of [otherwise privileged] documents to make the documents available for *in camera* inspection." *United States v. Zolin*, 491 U.S. 554, 569 (1989) (citing *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 404–05 (1976)).   Numerous courts have reviewed similar affidavits under seal to ascertain the basis of the motion to withdraw without upsetting the attorney–client privilege.  *See, e.g., Thekkek v. LaserSculpt, Inc.*, No. 11-4426, 2012 WL 225924, at *3 (S.D.N.Y. Jan. 23, 2012) (reviewing "*in camera* the affidavit and memorandum of law in support of the motion" to withdraw); *Karimian v. Time Equities, Inc.*, No. 10-3773, 2011 WL 1900092, at *7 (S.D.N.Y. May 11, 2011) (sealing affidavits, exhibits, and memoranda associated with motion to withdraw); *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165–66 (E.D.N.Y. 2006) (concluding after a review of relevant case law that "this method is viewed favorably by the courts"); *Weinberger v. Provident Life & Cas. Ins. Co.*, No. 97-9262, 1998 WL 898309, at *1 (S.D.N.Y. Dec. 23, 1998) ("[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw.").

The Court has reviewed the confidential declaration of Mr. Mills and finds that it contains material protected by the attorney–client privilege.  The redacted materials pertain to the attorney–client relationship between Sabre and Moving Attorneys, and assist the Court in considering Moving Attorneys' motion to withdraw.  The Court also notes that Torres has not objected to Moving Attorneys' request that the confidential version of the declaration be filed under seal.  For these reasons, the Court grants Moving Attorneys' motion and the confidential version of Mr. Mills's declaration shall be filed under seal without disclosure to any party.

Next, the Court turns to the motion to withdraw. The Court has considered the factors found in Local Civil Rule 83.6 and relevant case law.  *See Barton v. District of Columbia*, 209

F.R.D. 274, 277–78 (D.D.C. 2002); *see also Byrd v. District of Columbia*, 271 F. Supp. 2d 174, 176 (D.D.C. 2003).  The Court is satisfied that, in light of the status of the litigation, the facts set forth in the declaration constitute sufficient grounds for withdrawal.  Specifically, the declaration establishes the irreconcilable differences between Moving Attorneys and Sabre and the financial burden Moving Attorneys would bear should they continue the representation.  The Court also notes that Sabre has, apparently, settled this case through the efforts of its Virginia counsel and the parties have filed a joint motion asking the Court to dismiss this case with prejudice.  *See* Joint Mot. Entry Consent Order of Dismissal, ECF No. 531.  Because the Court will grant the motion and dismiss this case, there is no need to consider the amount of time it would take for Sabre to find replacement counsel.  Nor is there any risk that granting the motion to withdraw will prejudice any party.  Finally, there is no need to grant a continuance, because the Court will separately and contemporaneously grant the parties joint motion to enter a consent order of dismissal.  For all of these reasons, Moving Attorneys' motion to withdraw is granted.

## IV.  CONCLUSION

For the foregoing reasons, the Court will **GRANT** Moving Attorneys' Motion to Submit Confidential Declaration of Timothy B. Mills for *Ex Parte In Camera* Review (ECF No. 522) and **GRANT** Moving Attorneys' Motion to Withdraw as Plaintiff's Counsel of Record Without Substitution (ECF No. 517).  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  November 29, 2016

RUDOLPH CONTRERAS
United States District Judge